<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROBERT L. ARCHIE,** | |
| Plaintiff, | Civil Action No. 19-20976 (ZNQ) (LHG) |
| v. | **OPINION** |
| **MERCER COUNTY COURTHOUSE, _et al._,** | |
| Defendants. | |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Motions to Dismiss filed by Defendants the State of New Jersey, Mercer County Courthouse, and Division of Child Protection and Permanency ("State Defendants"), (ECF No. 26), and Defendant Dr. Ronald Coughlin[1] (ECF No. 27). Plaintiff Robert L. Archie, appearing _pro se_, opposed the Motions through briefs (ECF No. 28, 48) and a series of letters.[2] The Court has carefully considered the parties' submissions and decided the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will _sua sponte_ dismiss the Amended Complaint without prejudice.

---

[1] State Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (See ECF No. 26.) Defendant Dr. Ronald Coughlin relies on the legal arguments articulated in the brief submitted by State Defendants. (_See_ Moving Br. at 1–2, ECF No. 27-1.) In addition to those legal arguments, his brief also sets forth legal arguments specific to himself. (_Id._)

[2] Plaintiff also filed several letters opposing the Motions. (ECF Nos. 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51.)

I. **BACKGROUND AND PROCEDURAL HISTORY**

On December 3, 2019, Robert L. Archie ("Plaintiff") filed a complaint against the State of New Jersey, the Mercer County Family Division, Doug Meckel, Stephanie Hennessey, Janae Pendergrass, Stephanie Terry, Brian Giustozzi, Adam Hughes, Robert Jones, and Judge Lewinn.[3] (ECF No. 1.)  On July 21, 2021, the Court consolidated *Archie v. Coughlin*, Civ. No. 19-20978, and *Archie v. New Jersey Child Support*, Civ. No. 21-11584, with this matter and allowed Plaintiff to file an amended complaint.  (ECF No. 22.)

On August 24, 2021, Plaintiff filed an Amended Complaint naming as Defendants the State of New Jersey, the Mercer County Courthouse, "Multiple State Employees," the New Jersey Child Support, the "Mercer North" Division of Child Protection and Permanency ("DCPP"), and Dr. Ronald Coughlin (collectively, "Defendants").  (Am. Compl., ECF No. 24).   The Amended Complaint consists of multiple parts, including an "Update brief," "Civil Cover Sheet," "Complaint," "Attachment to Original Complaint," and "Exhibit Presentation for Complaint." (*Id.*)

Plaintiff alleges that, from March of 2006 to present, his constitutional rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated.  (*Id.* at 4.)  He asserts that the State of New Jersey intentionally destroyed his relationship with his son and that the State knowingly and willingly assisted the child's mother in destroying said relationship.  (*Id.* at 5.)  Further, Plaintiff alleges that he was falsely and wrongly imprisoned, that multiple Due Process and other Constitutional violations occurred, and that Dr. Coughlin acted negligently.  (*Id.*) Plaintiff suggests that the State "bares the ultimate burden" for state agencies and employees that

---

[3] These individuals were originally named in the complaint but were not included in the Amended Complaint.  (ECF No. 1; ECF No. 24.)  Accordingly, they have been terminated as defendants in this action. This opinion, therefore, does not address the claims originally directed at those individuals.

are violating laws, policies, and the constitution.  (*Id.*)  Plaintiff alleges that the State's failure to uphold the standard of integrity constitutes a Due Process violation because the Supreme Court of New Jersey's Advisory Committee on Judicial Conduct ("Advisory Committee"), a non-party, failed to conduct a proper investigation after he filed a complaint.  (*Id.* at 19.)

As for Mercer County Family Court, Plaintiff alleges that it "failed to uphold the standard of integrity set forth by the State of New Jersey and the United States of America by way of neglect and bias."  (*Id.* at 15.)  Plaintiff further alleges that New Jersey Child Support "unjustly warranted the Plaintiff on more than one occasion which ultimately led to the Plaintiff being unlawfully incarcerated by New Jersey Child Support."  (*Id.* at 20.)

With respect to Defendant Mercer North DCPP, Plaintiff alleges the entity failed to submit information to the superior court, which he believes would have significantly impacted the court's custody order.  (*Id.* at 21.)  In addition, he contends Mercer North DCPP conducted an improper investigation concerning the wrong home and a child that was not his.  (*Id.*)  Regarding Dr. Coughlin, Plaintiff alleges that he submitted an incomplete evaluation to Mercer County Family Court and, as such, neglected Plaintiff's Due Process rights.  (*Id.* at 22.)

Additionally, Plaintiff claims that various other actors such as "Mercer County Judge John Doe" and "Mercer County Judge John Doe #2" are responsible for "Neglect; Bias; [and] Due Process Violation[s]."  (*Id.* at 17.)  Specifically, Plaintiff alleges "Judge John Doe #2" unjustly stripped Plaintiff of his "Parental Rights" despite Plaintiff having "Legal Joint Custody."  (*Id.* at 17.)  In addition, "Judge John Doe #2 forced [him] into Supervised Visitation with his child with no legal basis for his actions." (*Id.* at 17–18) (internal quotations omitted).

In sum, Plaintiff contends these events gave rise to various mental, emotional, financial, and social injuries.  (*Id.* at 22.)  Specifically, Plaintiff's social life has "taken major blows . . .

[because] privacy laws are not being followed by the [S]tate," which has exposed him to retaliatory conduct.  (*Id.*)  Plaintiff also claims the State "uses [i]llegal undocumented immigrants to set up, seek out[,] and destroy American born black men and children."  (*Id.* at 6.)  As such, Plaintiff requests $150,000,000 so that he may spark legislative work to "merg[e] the Family Court System with NJ Child Support and DCPP in order to minimize the damage that is being done to black children in New Jersey."  (*Id.* at 6.)  Further, Plaintiff states that New Jersey should be held responsible for Plaintiff's son's private school tuition.  (*Id.* at 6.)  He also seeks an additional $25,000,000 in punitive, economic, and non-economic damages.  (*Id.* at 34.)

## II.   DISCUSSION

The Court will first consider whether the Amended Complaint comports with the pleading requirements of Federal Rule of Civil Procedure 8 and then discuss Plaintiff's allegations concerning injuries that stem from the state court proceedings.

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  Taken together, Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Notably, "the pleading standard Rule 8 announces does not require "detailed factual allegations,"

but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When a complaint fails to comply with the pleading requirements under Rule 8, the court has the power to *sua sponte* dismiss the complaint. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* Whether the "short and plain statement" requirement is satisfied is a "context-dependent exercise." *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

When determining the sufficiency of a *pro se* complaint, the plaintiff is entitled to greater leniency in evaluating the pleading. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," it must nonetheless "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Id.*; *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "The Court need not credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Dinnerstein v. New Jersey*, Civ. No. 19-4594, 2021 WL 1214657, at *2 (D.N.J. Mar. 31, 2021) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "Thus, a pro se complaint may be dismissed for failure to state a claim only if the allegations set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief." *Id.* (citation omitted).

The Court finds that the Amended Complaint lacks "a short and plain statement" of the grounds for the Court's jurisdiction and the claims showing entitlement to relief. Fed. R. Civ. P. 8(a). Plaintiff filed an Amended Complaint consisting of seven separate, convoluted parts

including an "Update brief," a "Civil Cover Sheet," "Complaint," an "Attachment to Original Complaint," and an "Exhibit Presentation for Complaint." (*See* Am. Compl.) The Amended Complaint is replete with bald assertions and legal conclusions. Plaintiff claims numerous constitutional violations but fails to set forth sufficient facts to support his claims. The Court finds that the Amended Complaint is not sufficiently distinct from a "bare averment" that Plaintiff wants relief and is entitled to it. *M.G. v. Crisfield*, 547 F. Supp. 2d 399, 405 (D.N.J. 2008) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

In addition, the Amended Complaint contains unintelligible allegations such that the Court is unable to identify cognizable causes of action. The Court finds it difficult to comprehend Plaintiff's eighty-one-page document. The State Defendants are without notice of what the claims are as to each individual defendant and the grounds upon which they rest. Notably, Plaintiff names additional actors responsible for alleged constitutional violations who are not named defendants in this suit. (Am. Compl. at 17.) Specifically, Plaintiff cites to "Mercer County Judge John Doe" and "Mercer County Judge John Doe #2" as responsible for neglect, bias, constitutional violation. (*Id.*) In addition, the Court cannot provide the relief that Plaintiff seeks. Plaintiff would like the Court to merge "the Family Court System with NJ Child Support & DCPP in order to minimize the damage" being done.[4] (*Id.* at 6).

As for Dr. Coughlin, Plaintiff likewise fails to give him fair notice as to what the claim is or the grounds upon which it rests. *See* Fed. R. Civ. P. 8. Plaintiff contends Dr. Coughlin acted negligently in completing a court referred child's best interest evaluation. (Am. Compl. at 22.) However, Plaintiff simply sets forth conclusory statements without articulating any facts necessary to demonstrate the elements of a cognizable cause of action. Moreover, Plaintiff also seeks relief

---

[4] "All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." U.S. Const. art. I, § 1 (emphasis added).

based on emotional damages including stress and paranoia caused by Dr. Coughlin because of his purported access to Plaintiff's health records. (*Id.* at 24). Plaintiff fears Dr. Coughlin's "capability to do harm to [him]" because of his access to "extremely dangerous medications." (*Id.* at 32–33.) However, Plaintiff fails to provide factual support for the allegations that Dr. Coughlin's actions and evaluation of his son caused Plaintiff's various injuries.

In conclusion, the Court finds that a *sua sponte* dismissal of the Amended Complaint is appropriate because Plaintiff fails to concisely set forth his claims and the grounds upon which they rest. The Court will allow Plaintiff an opportunity to amend his complaint to adhere to the pleading requirements under Rule 8. The Court cautions Plaintiff that the "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (alteration in original). Plaintiff has thirty (30) days from the date of this opinion and accompanying Order to file a second amended complaint, which will supersede and replace the Amended Complaint.

Moreover, the Court also cautions Plaintiff that it cannot adjudicate a dispute if it lacks subject-matter jurisdiction to hear the claims. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (noting federal courts only have "the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"). The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction where the relief sought by the plaintiff would essentially "reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006).

Therefore, the Court cannot directly or indirectly review, negate, void, or otherwise provide relief that would undermine a state court judgment. *See also Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004) ("To ensure that Congress's intent to prevent the lower federal courts from sitting in direct review of the decisions of a state tribunal is given effect, the *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling"); *Lane v. New Jersey*, 725 F. App'x 185, 188 (3d Cir. 2018) ("The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over lawsuits that essentially seek appellate review of state-court judgments."); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Notably, the *Rooker-Feldman* doctrine is rooted in the premise that lower federal courts cannot hear constitutional claims that are effectively intertwined with a state adjudication. *See Chajkowski v. Bosick*, 132 Fed. Appx. 978, 979 (3d Cir. 2005). "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (quoting *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir. 1995)). In other words, "if the relief requested in the federal action would effectively reverse the state decision or void its ruling," then the claim is inextricably intertwined. *FOCUS*, 75 F.3d at 840. *See also Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 170 (3d Cir. 2010) ("When a federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by a state-

court judgment and seeks review and reversal of that judgment, the federal claim is 'inextricably intertwined' with the state judgment.").

Here, Plaintiff seems to complain of injuries directly flowing from state court proceedings. (*See generally* Am. Compl.)  For example, Plaintiff claims "Judge John Doe #2 unjustly stripped the Plaintiff of his "Parental Rights" despite the Plaintiff having "Legal Joint Custody."  (*Id.* at 17–18).  Further, he alleges that "Judge John Doe #2 forced the Plaintiff into 'Supervised Visitation' with his child with no legal basis for his actions."  (*Id.*)   He also claims the Advisory Committee failed to properly conduct an investigation into the Mercer County courthouse personnel and that he was unlawfully incarcerated by New Jersey Child Support.  (*Id.* at 19–20.)  Plaintiff further alleges that Mercer North DCPP violated his Due Process rights.  (*Id.* at 21.)

The relief Plaintiff seeks would require this Court to review state court judgments because his constitutional claims seem to be inextricably intertwined with state court proceedings.  Plaintiff could have appealed the state court decision[5] or filed an appropriate post-decision motion citing a change of circumstances in accordance with New Jersey law.  *See Lepis v. Lepis*, 83 N.J. 138 (1980); *Hand v. Hand*, 391 N.J. Super. 102, 105 (App. Div. 2007).  Plaintiff cannot circumvent the appellate process in state court by filing a new action in federal court.  *See also Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (*Rooker-Feldman* bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").  So, to the extent Plaintiff intends to file a second amended complaint, Plaintiff is advised that the Court lacks jurisdiction over claims inextricably intertwined with the state family court proceedings.

---

[5] *See* R. 2:4-1(a) requiring that all final judgments be appealed within 45 days from the entry of a final order.

III.    **CONCLUSION**

For the reasons stated above, the Court *sua sponte* **DISMISSES** Plaintiff's Amended Complaint without prejudice.  Defendants' Motions are **DENIED AS MOOT**.  (ECF Nos. 26, 27 The Court will allow Plaintiff an opportunity to file an amended complaint that adheres to the pleading requirements of Rule 8.  An appropriate Order will follow.

Date: **July 28, 2022**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**